**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EUVEKA SHAY HAUGABROOK,

Defendant - Appellant.

No. 04-3121
(D. Kansas)
(D.Ct. No. 03-CR-10194-WEB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Euveka Shay Haugabrook pled guilty to distribution of 6.96 grams of cocaine base in violation of 21 U.S.C. § 841(a), and she was sentenced to eighty-

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

four months incarceration. Her counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. We grant counsel's motion to withdraw and dismiss the appeal.

*Anders* instructs that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of an appeal. The client may then raise any point she chooses, and the court thereafter must undertake a complete examination of all the proceedings and decide whether the case is wholly frivolous.

> If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders*, 386 U.S. at 744. Pursuant to *Anders,* counsel provided Ms. Haugabrook with a copy of her appellate brief and she has chosen not to file additional material with this court.

In the *Anders* brief, at the request of Ms. Haugabrook, counsel identified only one potential issue for our consideration, whether the district court's imposition of a sentence at the low end of the applicable range indicated by the United States Sentencing Guidelines was too harsh. At her plea hearing and in

her plea agreement, Ms. Haugabrook admitted to distributing 6.96 grams of cocaine base. At sentencing, there were no objections to the presentence report, the guidelines calculations were admittedly proper, and the district court made no factual findings enhancing the sentence.

Under *Anders*, we must carefully examine the record to ascertain whether any other ground exists to support a challenge to defendant's sentence. We find no error and conclude that Ms. Haugabrook has no grounds for appeal. Accordingly, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge